UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | No. 4:09CV00117 DDN |
| ) | |
| NATIONAL ASSET RECOVERY ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Darnell Moon (registration no. 34077-044), an inmate at Oxford FCI, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $121.82. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.56, and an average monthly balance of $609.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $121.82, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action for unlawful employment termination.  Named as defendants are National Asset Recovery Services, Inc., ("National Asset") and Charter Communications Cable Company ("Charter").

Plaintiff alleges that in April 2007 he was employed by National Asset as a telephone billing specialist.  Plaintiff claims that at that time he had contracted with Charter to purchase telephone, internet, and cable services.  Plaintiff says that he had a dispute with Charter over bills he failed to pay.  Plaintiff alleges that Charter called National Asset and told plaintiff's superiors that plaintiff had failed to pay his Charter bills, and plaintiff says that Charter told his superiors to terminate his employment.

Plaintiff states that National Asset then asked him to resign from his position. Plaintiff alleges that National Asset also failed to include his bonus on his last paycheck.

**Discussion**

To state a claim upon which relief can be granted under Title VII, plaintiff is required to present a prima facie case of race discrimination, i.e., that he is a member of a protected class, that he was qualified for the position, and that despite his qualification he was displaced from the position. E.g., Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 (8th Cir. 1996). Plaintiff has not alleged that he is a member of a protected class. As a result, the complaint fails to state a claim upon which relief can be granted as to National Asset.

"In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff has given the Court no indication that he has exhausted his administrative remedies before bringing this action. As a result, the complaint should also be dismissed for failure to exhaust administrative remedies.

Plaintiff's allegations against Charter sound in state law. Because the Court is dismissing plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $121.82 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 2nd Day of February, 2009.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE